## FRANK SIBENALER v. STATE.

No. A-2271.    Opinion Filed May 15, 1915.

1.    **APPEAL AND ERROR**—Pardon Pending—Motion to Abate Appeal. The plaintiff in error was convicted and sentenced to serve a term of one year in the penitentiary and to pay a fine of one thousand dollars. Pending the determination of the appeal from the judgment, he was granted a pardon, conditioned that he should pay five hundred dollars of the fine in fifty monthly installments of ten dollars each. He accepted the pardon and filed in this court a motion to abate the proceedings. **Held,** that the proceedings do not abate until the condition of the pardon has been fully performed.

2. **SAME**—Dismissal. When an appeal from a judgment of conviction is pending in this court, and the fact that a conditional pardon has been granted and accepted is brought to the attention of this court, the appeal will be dismissed as having been abandoned.

(Syllabus by the Court.)

*Appeal from Superior Court, Oklahoma County;*
*Edward Dewes Oldfield, Judge.*

Frank Sibenaler, convicted of a felony, appeals. Appeal dismissed.

*James F. Twyford,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J. The plaintiff in error was convicted on an information charging him with keeping a place with the intent and for the purpose of bartering, selling, giving away and otherwise furnishing liquors. The jury failed to agree on the punishment. On December 10, 1913, judgment was rendered, and the punishment imposed was imprisonment at hard labor in the penitentiary for a term of one year, and that he pay a fine of one thousand dollars and the costs. From this judgment an appeal was taken by filing in this court on May 21, 1914, a petition in error with case-made.

The plaintiff in error has filed a motion to abate the action on the ground that he "was granted an absolute pardon for the offense involved in the appeal in this case; that said pardon was accepted by plaintiff in error, and that he has complied with the terms thereof."

The pardon attached to said motion is as follows:
"STATE OF OKLAHOMA. EXECUTIVE DEPARTMENT.
"The Acting Governor of the State of Oklahoma,
"To all whom shall see these presents, GREETING:

"Know ye, that I, J. J. McAlester, Lieutenant Governor of the state of Oklahoma, and as such the acting Governor of the state of Oklahoma, in the absence from said state of the Honorable Lee Cruce, Governor of the state of Oklahoma, under and by virtue of the authority vested in me by the Constitution of the state of Oklahoma, do hereby grant unto Frank Sibenaler,

who was convicted on the 10th day of December, 1913, in the superior court of Oklahoma county, state of Oklahoma, for the crime of keeping a place with the intention and for the purpose of manufacturing, bartering, selling, giving away, and otherwise furnishing intoxicating liquors, and sentenced to imprisonment in the penitentiary at McAlester, Oklahoma, for the term of one year and one day and to pay a fine of one thousand dollars, a full and complete pardon for the offense of which he was convicted as aforesaid. Said pardon to become effective immediately upon the acceptance of the said Frank Sibenaler: Provided, however, that the said Frank Sibenaler shall pay one-half of the aforesaid in the sum of five hundred dollars to the clerk of the superior court of Oklahoma county, Oklahoma, in fifty monthly equal installments of ten dollars each, payable on or before the 10th day of each and every month until the said sum is paid in full.

"In witness whereof, I have hereunto set my hand and caused these presents to be attested by the Secretary of State and the great seal of the state of Oklahoma to be affixed thereto by said Secretary of State at Oklahoma City, the capital, this 1st day of October.

"24th day of April, 1915.

"J. J. McALESTER,
"*Acting Governor of the State of Oklahoma.*

"Signed 8 a. m., October 1, 1914.
"By the Governor:
"J. L. LYON, *Secretary of State.*

"I Frank Sibenaler, do hereby declare that I have carefully read and understand the contents and terms of the above and foregoing pardon and do hereby accept same.

"Dated September 30, 1914.

"FRANK SIBENALER."

The power to pardon is an executive power, expressly vested by the Constitution of the state in the Governor as follows:

"The Governor shall have power to grant, after conviction, reprieves, commutations, paroles, and pardons for all offenses, except cases of impeachment, upon such conditions and with such restrictions and limitations as he may deem proper, subject to such regulations as may be prescribed by law." (Article 6, sec. 10 [159 Williams'].)

In *Ex parte Crump*, 10 Okla. Cr. 133, 135 Pac. 428, it is held that under the provisions of the Constitution, in the absence of the Governor from the state for any purpose, or for any period of time, the constitutional functions of his office devolve *pro tempore* upon the Lieutenant Governor, and a pardon granted and delivered by the Lieutenant Governor, as acting Governor, in the absence of the Governor from the state, is a valid and effectual pardon.

The power conferred by the Constitution is practically unrestricted, and the power to grant conditional pardons is expressly granted, and the Governor may impose any condition that he pleases, at least provided it is neither immoral, impossible, nor illegal. The condition in this case, to wit, that the plaintiff in error shall pay one-half of the fine "in fifty monthly equal installments of ten dollars each, payable on or before the 10th day of each and every month until the said sum is paid in full," is neither immoral, impossible, nor illegal. The fact that the operative part of the pardon, which, if taken by itself, would be unconditional, is unimportant. It is well settled that if a person be pardoned, upon a condition, either precedent or subsequent, which he neglects to perform, the pardon is void, and he may be remanded to suffer his original sentence, but upon the question whether he has neglected to perform the condition, and is therefore liable to be thus remanded, he is entitled to a hearing and adjudication. Under the Constitution the Governor would have the right to insert a provision or condition in the pardon itself, reserving the right to determine whether the condition has been violated, and if he determines that it has, to remand him to prison, even without giving the person an opportunity to be heard, and such provision of the pardon would be a condition to which the beneficiary voluntarily subjected himself by the acceptance of the pardon, but the pardon in this case contains no such condition. If a complaint should be made that the plaintiff in error had failed to perform the condition of his pardon, he should be brought before a court of competent jurisdiction to show cause why execution should not be awarded against him on his original sen-

tence, and touching the question whether he had failed to perform the condition of his pardon, he is entitled to be heard, just as he was entitled to be heard why sentence should not be passed on him when he was originally brought before the bar of the court for sentence after verdict.

While the state has not traversed the allegation that plaintiff in error has so far complied with the condition of his pardon, yet there may be a breach of the condition before the five hundred dollars has been fully paid. For this reason the motion that the proceedings abate is overruled.

By numerous decisions this court has held, when an appeal from a judgment of conviction is pending in this court, and the plaintiff in error applies for a pardon, and the same is granted, and the fact that a pardon has been granted is brought to the attention of this court, that the appeal will be dismissed as having been abandoned. For this reason the appeal herein is dismissed, and the superior court of Oklahoma county having been abolished, the cause is remanded to the district court of Oklahoma county.

FURMAN and ARMSTRONG, JJ., concur.